## THE COMMISSIONERS OF THE EXCHANGE AND BANKING COMPANY OF NEW ORLEANS v. BEIN and another.

APPEAL from the District Court of the First District, *Buchanan*, J.

*L. Peirce*, for the plaintiffs.

*Wray*, for the appellant.

GARLAND, J. This suit is brought on a promissory note for $16,000, drawn by Catharine Bein, to the order of her co-defendant, and endorsed by him. In the note, it is said to be secured by a pledge of 640 shares of the stock of the bank. The note was protested for non-payment. A judgment by default was taken against the defendants, which was made final, on proof being

given of the signatures of the parties, and of the protest and notice thereon. From this judgment, Catharine Bein, representing herself to be the wife of John D. Bein, has appealed, and he authorizes her to do so.

There is no evidence in the record to show that Catharine Bein, is the wife of John, except that the sheriff in his return on the citation directed to her, says that he has served it " by delivering the same to her husband, John D. Bein in person ;" and the notice of judgment is returned, that it was served " on John D. Bein, by leaving the same at his domicil, with his wife." The petition of the plaintiffs, and the note are silent as to the relationship existing between the parties.

In this court, the appellant urges that she is a married woman, not separated from bed and board from her husband, and that she could not appear as a party to the suit without his authorization, or that of the court ; and that not being so authorized, the judgment by default was improperly made final. Her counsel further urges, that the note sued on is drawn by the wife in favor of the husband, and by him endorsed to the bank. He avers that the note was a nullity in the hands of the husband, and that the rights of the plaintiffs are no better than his.

As to the objection that the appellant was not authorized by her husband, or the court, to appear and defend the suit ; we think there is but little force in it. If she had been desirous of appearing, it is probable that she could have obtained the consent of her husband, had she solicited it, to appear and defend the suit, as easily as she procured it to take this appeal.

The second ground taken by the counsel is much more serious in its consequences. From the return of the Sheriff on the process, we are bound to believe that Catharine Bein is the wife of John D. Bein ; otherwise, there has been no legal service of a citation on her, and the judgment by default must be set aside and reversed. Taking it for granted, that the defendants are man and wife, we are unable to see in what way the judgment can be sustained. The note sued on was intended to be a stock note ; the counsel for the defendant admits it was so. The act of pledge is not in the record, nor is there sufficient evidence to enable us to say, whether the contract comes within the meaning of that pro-

vision of the charter, which authorizes a married woman to bind herself with her husband. Acts of 1835, p. 203, sec. 26. The 20th section of the same act authorizes the cashier of the bank to receive and execute acts of pledge on stock, or other rights and credits, to secure money borrowed. It is therefore certain, that other evidence is in the possession of the plaintiffs; and we think it just, to enable them to put all the facts of the case upon the record, to remand the case for a new trial, before we come to any conclusion on the question, whether the appellant is bound at all on the note.

The judgment of the District Court is therefore annulled and reversed, and the cause remanded for a new trial; the plaintiffs paying the costs of the appeal.